UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KATHERINE READY, )
)
         Plaintiff, )
vs. ) 2:10-cv-107-WTL-MJD
)
VIGO COUNTY SHERIFF'S DEPARTMENT, )
)
         Defendant. )

**Entry and Order Directing Dismissal of Action**

Katherine Ready sues the Vigo County Sheriff's Department ("Sheriff's Department"). The Sheriff's Department has filed a motion to dismiss, which Ready has opposed.

For the reasons explained in this Entry, the Sheriff Department's motion to dismiss must be **granted.**

**Discussion**

Ready filed this lawsuit on April 15, 2010. Ready alleges that on December 23, 1997, letters of guardianship were erroneously issued by the Clerk of the Vigo Superior Court, that these papers were presented to a Sheriff's Deputy and used by officers of the Sheriff's Department to take Ready's daughter from her under the threat of force or arrest. The child was returned to Ms. Ready pursuant to a December 30, 1997, Order vacating the letters of guardianship. See *In re: The Guardianship of Georgia Belle Pickens*, No. 84D03 9712 GU 169 (Vigo Superior Court, Probate Division 1997) at dkt 1-1. Ready claims that because the Sheriff's Department did not pay attention and do their job properly she has suffered for twelve years with the memory of her daughter being taken away from her.

The Sheriff's Department has filed a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. The Sheriff's Department's position is that Ready's lawsuit was filed years beyond the expiration of the statute of limitations, that this is evident from the face of Ready's complaint, and that the complaint therefore shows on its face that Ready is not entitled to relief in this case.

Of course, "complaints need not anticipate and attempt to plead around defenses." *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). Dismissal on statute of limitations grounds should only be granted where the "plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown*, 457 F.3d 688, 691 fn. 1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense")).

Ready's claims are brought pursuant to 42 U.S.C. § 1983. A suit under 42 U.S.C. § 1983 must be filed within the time allowed by state law for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Indiana, that period is two (2) years. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.") (citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)).

When a § 1983 claim accrues it is an issue of federal law, see *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996), and the federal rule is that a cause of action accrues "when the plaintiff has a 'complete and present cause of action' . . . that is when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007).

The Sheriff's Department argues correctly that Ready knew or should have known of the alleged deprivations by December 30, 1997. Thus, her federal claims accrued not later than that date. Because this was more than two (2) years before the filing of Ready's lawsuit on April 15, 2010, her claims asserted pursuant to § 1983 are barred by the applicable statute of limitations. Ready opposes this conclusion on two grounds. First, she states that "over the years" she has "fought for this case . . . and nobody in the other courts would listen." This only confirms that she knew of the unhappy event and worked in other ways to achieve a proper outcome. By taking the action of her choice, and in waiting until April 2010 to file the present case, she waited too long to maintain a civil rights claim. Ready also recites that she continues to suffer from depression as a result of the incident at issue. This point does not suggest that Ready's claim did not accrue when her child was wrongfully removed from Ready's home, and it is the date a claim accrues which starts the running of the statute of limitations.

Dismissal pursuant to Rule 12(b)(6) is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005). That is the case here, with the complaint showing that Ready waited more than 12 years to assert a claim against the Sheriff's Department and thus the claim is time-barred. Ms. Ready has not provided any basis on which this litigation could proceed. Ready knew she had been "wronged" no later than December 30, 1997, and thus her claim comes too late for her to obtain any relief.

The motion to dismiss is **granted,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/27/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana